GRAHAM *v.* W. W. DICKINSON HARDWARE COMPANY.

Opinion delivered February 23, 1901.

COMMISSIONER'S SALE—SUFFICIENCY OF PAYMENT.—The purchasers of land at a commissioner's sale paid the purchase price to the commissioner, and the court approved the sale, but the commissioner, without the purchasers' authority, withheld the money from the judgment creditor in order to induce the latter to make the purchasers a warranty deed. The commissioner died without having paid the money to the creditor. *Held,* that the purchasers were not liable to repay the money to the creditor. (Page 121.)

Appeal from Jackson Circuit Court in Chancery.

RICHARD H. POWELL, Judge.

STATEMENT BY THE COURT.

The W. W. Dickinson Hardware Company of Little Rock, being the owner of 160 acres of land in Jackson county, sold it to one Lippman. Lippman paid $250 in cash, and gave note for $230, the balance of purchase price, and the Hardware Company executed and delivered to him a bond for title. When the note fell due, it was not paid, and the Hardware Company placed it in the hands of J. M. Rose, an attorney of Little Rock, for collection. Mr. Rose had in his office a young man by the name of B. D. Streett, who was manager of the J. M. Rose Collection Company. His name, with that of J. M. Rose, was signed to the complaint filed in the case. After the suit was brought, Streett, who seems to have had charge of the matter, wrote to J. M. Stayton, an attorney of

Newport, Jackson county, where the suit was pending, asking him to look after the case and take a decree. Stayton did as requested, and, no defense being made, a judgment was rendered against defendant for the amount of the note, the land ordered sold, and Streett was made commissioner to carry the decree into effect. The land was afterwards sold under decree, Stayton acting for Streett in his absence, and Graham Brothers, the appellants here, purchased at the sale. The sale was made on a credit of three months, but the purchasers of their own will paid cash. Being asked by the purchasers whether other creditors of Lippman could redeem, Stayton informed them that they could, but Stayton, being of the opinion that a deed from the Hardware Company would prevent redemption, told the purchasers that he would have the Hardware Company execute a warranty deed to them. Stayton thereupon sent the money to the commissioner, Streett, at Little Rock, and asked him to execute deed as commissioner, and also to have the Hardware Company to execute deed. The Hardware Company refused to execute a deed, but the sale was on the 19th of July, 1897, duly reported to the court, in which report it was stated that the purchase price had been paid in full, and the report was confirmed, and the commissioner ordered to execute a deed, which was done, and, after being approved by the court, the deed was delivered to the purchasers. Several days after this order confirming the sale and approving the deed was made, Stayton was informed through letter from Streett that the Hardware Company had refused to execute a deed as requested, and further that he, Streett, had not paid over the money to the company, and that he wished to hear further from him about the matter. Stayton on the 22d of July, 1897, wrote in reply, telling Streett not to pay over the money to the Hardware Company unless it would execute a deed; and Streett, in obedience to this letter, withheld the money, without informing either Rose or the Hardware Company that the money had been paid to him, but leaving them under the impression that, as the land was sold on a credit of three months, the price had not been paid. The matter rested in this way until about the 1st of September, when Streett was taken sick and died, without having paid the money. The Hardware Company never received its money, and afterwards, on the 15th of January, 1898, filed a motion in the Jackson chancery court to compel the purchasers to pay the amount of their bid. The purchasers answered that they had already paid. After hearing the evidence, the court found in favor

of the Hardware Company, and made an order that the purchasers pay their bid within ten days, and in default of such payment that the land be resold. From this order Graham Brothers appealed.

*Morris M. Cohn,* for appellants.

By becoming purchasers at the commissioner's sale appellants became parties to the suit. 36 Ark. 605; 129 U. S. 73; 136 U. S. 89, 95; 152 U. S. 594. Appellants were not bound to see to the application of the purchase money made by the commissioner. 91 U. S. 638; 19 How. 116. Nor are they liable for his acts, he being the officer of the court, and acting for the court. 44 Ark. 322; 23 Ind. 553; 53 Ind. 57; 52 La. 97, 102; 58 N. Y. 61; 19 Fed. 477; 5 Th. Corp. § 7148. The presumption is in favor of an attorney's authority and act, when he has done so. 158 Ill. 237; 41 N. E. 1118. In case there is doubt, the authority of the attorney will be presumed. 24 La. An. 237. The attorney of a party has authority to press a decree to payment. 11 Ark. 212; 21 Ark. 396; 39 Ark. 50, 53. Appellee was bound by the employment of Stayton. 13 Tex. 532; 10 Vt. 68; 49 Tenn. (2 Heisk.) 360. And by Streett's acts as clerk, if he was only a clerk. 142 Mass. 56; 7 N. E. 39; 63 La. 436; 19 N. W. 307; 40 Atl. 734.

*Chas. T. Coleman,* for appellee.

The payment to Streett, being conditional merely, was never a payment to appellee. 18 Am. & Eng. Enc. Law, 150.

RIDDICK, J., (after stating the facts). The sale of the land in this case, being made by an agent of the commissioner, and not by the commissioner in person, was in that respect irregular, but it was confirmed by the court, and its validity is not questioned in this proceeding. The contention here is that the purchase money was not paid, but it is not denied that it was paid to the agent of the commissioner who conducted the sale, and he in turn paid it to the commissioner. The commissioner reported to the court that the land had been sold and the purchase price paid as well, and on this theory the sale was confirmed. It is said, though, that Stayton directed the commissioner to withhold the money from the plaintiff company unless it would execute a deed, and that the company rightfully declined to accept the money on such condition, and that the payment was therefore not binding on the company. But this sale was not made by the company, but by a commissioner of the

court. The purchasers did not undertake to pay the Hardware Company. They undertook to pay to the commissioner, and were absolved by a payment to him and a confirmation by the court. It may be conceded that, if the purchasers had directed the commissioner to withhold the money from the company until it made a deed, and if this act of theirs had resulted in the loss of the money, they would have been responsible. The chancellor probably based his decree on a finding that Stayton was acting for the purchasers in making his request that the commissioner withhold the money; but, while Stayton in so doing no doubt intended to favor the purchasers, there is nothing to show that he was authorized by the purchasers to take such a step and make such a request, or that they had any notice of his acts in this regard until long after the death of Streett and the loss of the money. The only persons who testified on this point were Stayton and Graham; and both of them testify positively that the money was paid by the Grahams immediately, and that they imposed no conditions whatever upon the commissioner, nor authorized Stayton to impose any. Stayton testified that when the purchasers, after the money had been paid, inquired if the land could be redeemed, the idea occurred to him that a warranty deed from the Hardware Company would prevent redemption, and that he then, of his own motion, and without any demand or even suggestion from the purchasers, gratuitously told them that the company would make such a deed, he thinking that the company could have no objection. Afterwards, feeling probably under some moral obligation to make good his promise, but without being in any way authorized by the purchasers, and without informing them of his acts, he undertook to procure such a deed.

While some of the statements in the letters of Stayton to Streett, which were read in evidence, might, in the absence of any explanation, raise, as against him, the inference that he was in this matter acting for the Grahams, still these letters are not evidence against the Grahams. The letters may contradict Stayton, but they do not affect the Grahams, when all the evidence shows that they had given Stayton no authority to act for them. Stayton in his testimony gives what would appear to be a frank explanation of these letters, and of his motives in writing them, but we need not notice it; for, if his conduct in that regard resulted in loss to the Hardware Company, it furnishes no reason for imposing the loss on the Grahams, he having, as before stated, no authority to act as their agent, and, if we take his testimony, no intention of

doing so. The Hardware Company is undoubtedly out money which it should have, but we are of the opinion that the evidence does not justify a recovery from the Grahams. For this reason, the judgment is reversed, and the case dismissed.